**ANDERSON KREIGER**

October 31, 2023

**VIA ECF**

Hon. Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> All deadlines, including the deadlines to complete fact and expert discovery, remain in place. Gartner shall prioritize production of the documentation related to its losses, as described in paragraph 10, to allow the parties to engage in settlement discussions. The parties shall file a further joint letter by **January 5, 2024,** updating the Court on the status of these cases. So Ordered.
>
> _/s/ Dale E. Ho_
> Dale E. Ho                                  Dated: November 2, 2023
> United States District Judge      New York, New York

***Re:   Gartner, Inc. v. HCC Specialty Underwriters, Inc. et al.*, No. 20-cv-04885 (DEH) and *Gartner, Inc v. Aon/Albert G. Ruben Insurance Services, Inc.*, No. 22-cv-07000 (DEH) Joint Response to Notice of Reassignment (ECF No. 165 in Case No. 20-cv-04885)**

Dear Judge Ho:

On behalf of Plaintiff Gartner, Inc. ("Gartner"), Defendants HCC Specialty Underwriters, Inc. ("HCCSU") and U.S. Specialty Insurance Company ("USSIC") (collectively, the "HCC Defendants"), and Defendant Aon/Albert G. Ruben Insurance Services, Inc. ("Aon") we write jointly in response to the Court's Notices of Reassignment.[1] The parties state as follows:

1.   Counsel and Contact Information. Counsel for the parties and their respective contact information are as reflected on the respective dockets.

2.   Nature of the Case. This litigation arises out of a pair of event cancellation insurance policies (the "Policies") purchased by Gartner from USSIC. The HCC Defendants allege that, through a Managing General Underwriting Agreement, HCCSU conducted certain underwriting and claims handling services for USSIC, but all decisions related to the underwriting and claims handling for the Policies were made by USSIC. Central issues focus on the amount of coverage available under the policies for Gartner's losses when it cancelled numerous events during the COVID-19 pandemic. One of the policies at issue (the "Destination Policy") was a two-year policy in effect from December 30, 2019 to December 31, 2021 and covered Gartner's larger annual conferences. The HCC Defendants contend that the Destination Policy has aggregate limits of $150 million each year for 2020 and for 2021 with an aggregate limit of indemnity of $300 million; the parties, however, dispute whether these are the maximum limits. The second policy (the "Evanta Policy") was in effect from June 15, 2019 through December 31, 2020 and insured a series of smaller conferences and events. The HCC Defendants contend that the Evanta Policy's aggregate limit is $20 million; the parties, however, dispute whether this is the maximum limit. Each of the Policies has a clause entitled

---

[1] Gartner's suits against the HCC Defendants and Aon have been consolidated for pretrial purposes, up to the filing of dispositive motions. Docket # 43.

"Reinstatement of Original Limit of Liability," whose meaning and interpretation are at issue in this case, as explained further below. Gartner had purchased similar event cancellation policies with nearly identical terms (other than coverage limits, which increased over the years) since 2007. Prior to the events described in these actions, Gartner had not submitted an insurance claim under its event cancellation program with USSIC. Since 2007, the policies were underwritten by HCCSU and placed by Gartner's broker, Aon.

Gartner alleges breach of contract by USSIC and unfair and deceptive business and claims handling practices by HCCSU. Based on an adjustment of Gartner's insurance claims conducted by third-party Hyperion Adjusters related to cancellation of Shows in 2020, USSIC authorized HCCSU to pay, and HCCSU did pay, Gartner $150 million under the Destination Policy, which the HCC Defendants contend exhausted the 2020 aggregate limit, and $20 million under the Evanta Policy, which the HCC Defendants contend exhausted the aggregate limit for that policy. Gartner is seeking in excess of $400 million (exclusive of interest, attorney's fees and statutory bad faith damages) for its losses that have yet to be paid under the policies. The HCC Defendants deny the material allegations asserted by Gartner.

Gartner asserts claims for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty against Aon, alleging that, if Gartner is unsuccessful in its claims against the HCC Defendants and "the Policies negotiated, approved and procured by Aon do not provide for reinstatement of the aggregate limits, as Aon represented to Gartner that they would, then Aon is liable to Gartner for its losses." No. 22-cv-07000, ECF 1 at ¶ 7. Aon denies the material allegations asserted by Gartner.

Disputes among the parties include:

- **The meaning of the Policies' "Reinstatement of Original Limit of Liability" clause**. Gartner's position is that the Policies allow for the full reinstatement, at Gartner's "sole option," of (i) the annual aggregate limits for each of the two years of the Destination policy, and (ii) the aggregate limit of the Evanta policy, as reflected in both the text of the policies and contemporaneous communications by HCCSU and Aon when the original reinstatement of limits clause was negotiated in 2007. Gartner disputes the HCC Defendants' assertion that the maximum amount that can be reinstated during the entire two-year policy is $150,000,000 or that the policy language is clear and unambiguous. Gartner also disputes the HCC Defendants' contention that Gartner may only exercise its option of reinstating limits before the circumstances that might give rise to a loss were known; such a limitation is not stated in the Policies and would defeat the purpose of a reinstatement of limits clause.

    The HCC Defendants' position is that the Destination Policy states: "The maximum amount that can be reinstated shall not exceed $150,000,000." The Destination Policy language is plain and unambiguous and not subject to any reasonable interpretation other than that reinstatement cannot exceed $150,000,000. Separately, coverage under reinstated limits for cancellations due to COVID-19 is excluded because, prior to inception of reinstated insurance limits, Gartner was aware of circumstances (the

global COVID-19 pandemic) that could—and did—result in a loss otherwise covered under reinstated insurance limits.

Aon's position is that if Gartner is unsuccessful in its claims against the HCC Defendants, Aon is not liable for Gartner's losses.

- *Coverage for 2021 Events*.[2]  Gartner's position is that the two-year Destination Policy's coverage extends to all of its annual Destination conferences that, as of the date the Policy was issued in 2019, Gartner had planned to hold in 2021, but were cancelled due to COVID-19.  Gartner further states that the HCC Defendants' post-policy issuance attempt to rewrite the Destination Policy as two separate one-year policies is contrary to the policy language and the intent and purpose of a multi-year policy.

    The HCC Defendants' position is that the Destination Policy provided for two distinct policy periods, the second year commencing on January 1, 2021.  Gartner's 2021 events were excluded from coverage for cancellation due to COVID-19 because, prior to inception of insurance for 2021, Gartner was aware of circumstances (the global COVID-19 pandemic) that could—and did—result in a loss otherwise covered under the 2021 policy year.

    Aon's position is that if Gartner is unsuccessful in its claims against the HCC Defendants, Aon is not liable for Gartner's losses.

- *Bad Faith.*  Gartner contends that HCCSU, as USSIC's claims handler, engaged in a series of unfair and improper claims handling practices including but not limited to unilaterally placing a COVID-19 exclusion on the policies after they had been issued; representing to Gartner that it needed another two weeks to respond to Gartner's request for reinstatement of the policy limits while instead preparing to file lawsuits against Gartner in Texas (Southern District of Texas Docket Nos. 20-CV-1850, 20-CV-1851), subsequently dismissed for lack of personal jurisdiction; and claiming in those lawsuits that reinstatement was not available to double the initial annual aggregate limits of the policies even though HCCSU's senior executives had acknowledged internally and in correspondence with reinsurers that the reinstatement clause served to double the annual aggregate limits as Gartner contends.[3]

    HCCSU's position is that it engaged in no improper claims handling practices, and at USSIC's direction and authorization, HCCSU promptly paid $170,000,000 (the aggregate limits of the Destination Policy 2020 year and the Evanta Policy) upon

---

[2] The HCC Defendants do not contest coverage for 2020 event cancellations but dispute the availability of reinstated limits for the 2020 losses as well as the amount of Gartner's alleged losses.

[3] Judge Koeltl issued a number of published and unpublished decisions in this case, including decisions on motions to dismiss Gartner's bad faith claims.  Written decisions can be found at 2021 WL 4555060 (Oct. 5, 2021), 580 F. Supp. 3d 31 (Jan. 14, 2022) and 2023 WL 1380290 (Jan. 31, 2023). Judge Koeltl's most recent decisions were conveyed orally and are reflected in the transcript of the July 18, 2023 telephonic court conference.

receipt of information documenting loss in that amount. Coverage for 2021 cancellations would be excluded from the coverage, as stated above, even without the addition of an express exclusion. Any position stated with respect to inception of reinstatement coverage was reasonable based on the language of the Policies. Any decisions to deny coverage, in whole or in part, were made by USSIC and not HCCSU. Lastly, Judge Koeltl previously determined in this case that "a party's filing of a lawsuit to 'enforce [its] contractual and common law rights…cannot constitute such a breach [of the implied covenant of good faith and fair dealing]." *See* Memorandum Opinion & Order, No. 20-cv-04885, ECF 121 at 16-17 (Jan. 31, 2023). Once discovery completes, the HCC Defendants believe Gartner will not have evidence to support its claims of statutory bad faith.

3. <u>Jurisdiction and Venue</u>. The Court has subject matter jurisdiction over these matters based on the amount in controversy and the complete diversity of citizenship of the parties. Plaintiff Gartner is a Delaware corporation with its principal place of business in Connecticut. Defendant HCCSU is a Massachusetts corporation with its principal place of business in Massachusetts. Defendant USSIC is a Texas corporation with its principal place of business in Texas. Defendant Aon is a California corporation with its principal place of business in Illinois. Venue lies in this district because a substantial part of the events or omissions giving rise to Gartner's claims against the HCC Defendants occurred here and because the Court transferred the claims against Aon to this District because of the action against the HCC Defendants. *See* No. 22-cv-07000, ECF 27.

4. <u>Deadlines, due dates and cut-off dates</u>. These dates are reflected in the Scheduling Order issued by Judge Koeltl and attached hereto as Exhibit A.

5. <u>Scheduled Conferences</u>. There are no scheduled conference dates with the Court.

6. <u>Outstanding Motions</u>. There are no outstanding motions.

7. <u>Appeals</u>. There are no pending appeals.

8. <u>Discovery</u>. The parties have served and responded to written discovery, including interrogatories and requests for production of documents, and are engaged in the production of documents.[4] No depositions have been taken. The parties expect depositions to take place during the first half of 2024. While there is still a substantial amount of discovery that has yet to take place, including discovery relating to Gartner's bad faith claims and the amount of Gartner's losses, Gartner is prepared to engage in meaningful settlement discussions at this time.

9. <u>Settlement</u>. The parties have not engaged in meaningful settlement discussions.

10. <u>ADR</u>. The parties have discussed the use of mediation. The parties believe that mediation before a privately-retained mediator would be appropriate. While Gartner believes that additional discovery is likely to produce even more evidence to support its claims

---

[4] Certain discovery was deferred pending resolution of a series of preliminary motions and a series of partial motions to dismiss. The pleadings closed on August 18, 2023.

(particularly its bad faith claims), Gartner is prepared to proceed to mediation at this time. While the HCC Defendants believe that additional discovery would support their defenses, the HCC Defendants are prepared to proceed to mediation after Gartner provides additional documentation regarding the amount of its alleged losses.

11.	Length of Trial.  The parties' best estimate is that a trial would take three weeks with full trial days.

Respectfully submitted,

**ANDERSON & KREIGER, LLP**

*/s/ Tamara S. Wolfson*
Tamara S. Wolfson (MA BBO #554347)
(*pro hac vice* admitted)
David S. Mackey (MA BBO #542277)
(*pro hac vice* admitted)
Austin P. Anderson (MA BBO #696414)
(*pro hac* vice admitted)
50 Milk Street, 21st Floor
Boston, Massachusetts 02109
Tel.: (617) 621-6560
Fax: (617) 621-6660
twolfson@andersonkreiger.com
dmackey@andersonkreiger.com
aanderson@andersonkreiger.com

**SHIPMAN & GOODWIN LLP**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (AZ 0026)
Tracy Ellis Williams (TW 5813)
260 Madison Avenue – 21st Floor
New York, New York 10016-2400
Tel.: (212) 376-3010
azeitlin@goodwin.com
tewilliams@goodwin.com

*Attorneys for Plaintiff Gartner, Inc.*

**NORTON ROSE FULBRIGHT US LLP**

 /s/   Daniel McNeel Lane, Jr.
Daniel McNeel Lane, Jr.
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Tel.: (210) 224-5575
neel.lane@nortonrosefulbright.com

Thomas J. McCormack
Michael A. Samalin
Allison L. Silverman
1301 Avenue of the Americas
New York, New York  10019-6022
Tel.: (212) 318-3000
thomas.mccormack@nortonrosefulbright.com
michael.samalin@nortonrosefulbright.com
allison.silverman@nortonrosefulbright.com

*Attorneys for Defendants,*
*HCC Specialty Underwriters, Inc. and*
*U.S. Specialty Insurance Company*


**KIRKLAND & ELLIS LLP**

 /s/   Robert B. Ellis
Robert B. Ellis
Kelsey Bleiweiss
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-2309
robert.ellis@kirkland.com
kelsey.bleiweiss@kirkland.com

*Attorneys for Defendant,*
*Aon/Albert G. Ruben Insurance Services, Inc.*