UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARTNER, INC.,<br>　　　　　　　　　Plaintiff(s),<br>　v.<br>HCC SPECIALTY UNDERWRITERS, INC., et al.,<br>　　　　　　　　　Defendant(s). | 20-CV-4885 (DEH) |
| GARTNER, INC.,<br>　　　　　　　　　Plaintiff(s),<br>　v.<br>AON/ALBERT G. RUBEN INSURANCE SERVICES, INC.,<br>　　　　　　　　　Defendant(s). | 22-CV-7000 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On March 1, 2024, Defendants in *Gartner, Inc. v. HCC Specialty Underwriters, Inc.*, No. 20 Civ. 4885, (collectively, "HCC") moved for partial summary judgment. *See* ECF No. 176. On March 13, 2024, Defendants in *Aon/Albert G. Ruben Insurance Services, Inc.*, No. 22 Civ. 7000, ("Aon") filed a letter motion seeking an extension of time to respond to the motion for summary judgment. *See* ECF No. 182, No. 20 Civ. 4885; ECF No. 97, No. 22 Civ. 7000. On March 14, 2024, HCC filed a letter in response, opposing the request and arguing that Aon lacks standing to oppose HCC's motion for summary judgment. *See* ECF No. 184, No. 20 Civ. 4885; ECF No. 99, No. 22 Civ. 7000.

Aon's request is **GRANTED**. The issues raised in HCC's motion directly implicate Aon. As HCC stated in its memorandum of law in opposition to the motion to consolidate the above-captioned cases, "[Plaintiff's] claims in [22 Civ. 7000] depend at least partly on the enforceability of" the aggregate limits of the policy whose scope is at issue 20-CV-4885. Mem. of L. in Opp. to Mot. to Consolidate, ECF No. 111. This supports allowing Aon to opine on HCC's motion for summary judgment that goes directly to these issues. *See ArcelorMittal Plate*

*LLC v. Lapeer Indus., Inc.*, 2021 WL 926276, at *8 (E.D. Mich. Mar. 11, 2021) (noting a split in practice and that some "courts will consider a co-defendants opposition to another defendant's motion . . . often rely[ing] on that party's stake in the outcome").  Additionally, in a status letter filed February 16, 2024, *see* ECF No. 174, No. 20 Civ, 4885, ECF No. 92, 22 Civ. 7000, HCC stated that the Court's ruling on the issue presented by the motion for summary judgment would be helpful for purposes of mediation and settlement.  The Court finds that such ends are served by allowing Aon to respond to the motion.

HCC does not identify binding authority regarding Aon's lack of standing to oppose the motion for summary judgment.  The District Court cases it offers do not persuade the Court that Aon should be barred from filing a response to the motion for summary judgment.  *Aktas v. JMC Development Co., Inc.*, 877 F. Supp. 2d 1 (N.D.N.Y. 2012), relied on the fact that the party asserting the claim subject to the motion for summary judgment did not oppose the motion – in other words, a third party could not provide the *sole* opposition to the motion, forcing a party to litigate a claim it did not wish to.  *Id.* at 29-30; *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2020 WL 1974248, at *1 n.4 (E.D. La. Apr. 24, 2020) (noting that cases finding that a co-defendant lacks standing to challenge a motion for summary judgment are often "specifically conditioned on the motion being unopposed by the plaintiff" because "if the party who faces having its claim dismissed does not muster an opposition, another party should not be able to force the claim to remain live" (cleaned up)).  HCC also cites *Kaminski v. United States*, No. 5:14-cv-1441 (GLS/ATB), 2018 WL 6028051 (N.D.N.Y. Nov. 16, 2018), which relied on *Aktas*, *see id.* at *2 n.4, and *Fraioli v. Lemcke*, 328 F. Supp. 2d 250 (D.R.I. 2004), which cites *Blonder v. Casco Inn Residential Care, Inc.*, No. Civ. 99-274-P-C, 2000 WL 761895 (D. Me. May 4, 2000), for the proposition that a co-defendant lacked standing to oppose a motion for summary judgment, *see Fraioli*, 328 F. Supp. 2d at 263 n.4.  However,

*Blonder* reasoned that, "[r]equiring Plaintiff to prosecute her claims . . . when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate." 2000 WL 761895, at *1. To the extent that *Kaminski* and *Fraioli* extend the reasoning of the cases they cite to situations in which a party did oppose summary judgment, the Court respectfully disagrees.

It is hereby **ORDERED** that Aon's request is **GRANTED.** Aon shall file its response to HCC's motion for partial summary judgment by **April 19, 2024.**

The Clerk of Court is respectfully directed to docket this order in both of the above-captioned cases.

Dated: March 15, 2024
New York, New York

DALE E. HO
United States District Judge